FILED
2008 Dec-15  AM 10:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **GLENDA SHAW** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NUMBER:** _____ |
| | ) | |
| **v.** | ) | |
| | ) | **Pending in the Circuit Court of** |
| **NEXCHECK, LLC** | ) | **Jefferson County: CV 2008-903660** |
| | ) | |
| **Defendant.** | ) | |

### NOTICE OF REMOVAL

COMES NOW the defendant, Nexcheck, LLC ("Nexcheck"), and hereby removes the above styled action from the Circuit Court of Jefferson County pending as Civil Action Number: CV-2008-903660, to this United States District Court for the Northern District of Alabama, Southern Division by stating as follows:

1.      The Plaintiff served Nexcheck with the Summons and Complaint via certified mail on or about November 12, 2008.

2.      The complaint alleges invasion of privacy by intrusion upon seclusion and by revelation of private financial facts to third party, and negligent and wanton hiring and supervision based upon State law claims.  The complaint also alleges violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA").

3.      The United States District Court for the Northern District of Alabama, Southern Division encompasses the geographic area of the Circuit Court of Jefferson County, Alabama.

4.      Copies of all process and pleadings served upon Nexcheck in the state court including the Case Action Summary from the State Judicial Information System web site Alacourt.com are attached hereto as Exhibit A.

5.      Defendant Nexcheck gives prompt notice of its filing this Notice of Removal to all parties and to the Circuit Court of Jefferson County, Alabama, by filing a Notice of Filing Notice of Removal, attached hereto as Exhibit B, together with a copy of this Notice of Removal, in the Circuit Court of Jefferson County, Alabama, and by serving same on all parties as provided in 28 U.S.C. § 1446(d).

## Jurisdiction Based Upon Federal Question

6.      Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.      The Plaintiff's complaint explicitly alleges claims against Nexcheck pursuant to the FDCPA.

8.      The FDCPA provides that "an action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy . . . ." 15 U.S.C. § 1692k(d).

9.      Actions brought in state court under the FDCPA are removable to the appropriate Federal District Court. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1263 (11th Cir. 1999).

10.    According to 28 U.S.C. § 1441(b), a defendant in a state court action may remove the action to a federal court if the federal district court has "original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States."

11.    Moreover, removal pursuant to 28 U.S.C. § 1441(b) is proper "without regard to the citizenship or residence of the parties."

12.    When removal is based upon federal question jurisdiction, the defendant must demonstrate the existence of a federal question based on the well-pleaded complaint rule. *Marcus v. AT & T Corp.,* 138 F.3d 46, 52 (2d Cir.1998); *see also West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.,* 815 F.2d 188, 192 (2d Cir.1987) (stating "[t]he [well-pleaded complaint] rule provides that federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law . . . and only when plaintiff's well-pleaded complaint raises issues of federal law.").

13.    Because the complaint explicitly alleges claims against Nexcheck pursuant to the FDCPA, removal is proper under 28 U.S.C. § 1441(b).

## **Supplemental Jurisdiction**

14.    The Plaintiff's complaint also alleges invasion of privacy, and negligent and wanton hiring and supervision based upon State law claims.

15.    To the extent these state law claims are not preempted by the FDCPA, this Court has supplemental jurisdiction over the Plaintiff's State law claims pursuant to 28 U.S.C. § 1367(a) which states "the district courts shall have supplemental jurisdiction

over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

16.     All of the state law claims and allegations contained in the complaint arise from Nexcheck's conduct alleged to be in violation of the FDCPA.   Therefore, these claims arise from the same case in controversy.


**Removal is Timely**

21.     The Plaintiff filed its complaint on November 8, 2008 which raised a federal question by alleging a violation of the FDCPA.

22.     Per 28 U.S.C. § 1446(b): "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

23.     This action became removable on November 12, 2008, when Nexcheck received a copy of the summons and complaint.

24.     Therefore, this notice is being filed with this Court within thirty (30) days after Plaintiff filed her complaint.

WHEREFORE, PREMISES CONSIDERED, Nexcheck respectfully requests this Court to enter an order effecting the removal of this action from the Circuit Court of Jefferson County, Alabama, to this Court and make such other orders as may be

appropriate to effect the preparation and filing of a true record in this cause of all

proceedings that may have been had in said Circuit Court.


DATED this the 9th day of November, 2008.


Neal D. Moore, III          (MOO 073)
Patrick W. Franklin         (FRA  051)
*Attorney for Nexcheck, LLC*


**OF COUNSEL:**
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Post Office Box 430189
Birmingham, Alabama 35243-0189
205-879-8722 - phone
205-879-8831 – fax

## CERTIFICATE OF SERVICE

This is to certify that on this the 10th day of December 2008, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

                    X    mailing the same by first-class United States mail, properly addressed and postage pre-paid

                     hand delivery

                     via facsimile

                     E-File


John G. Watts
WATTS LAW GROUP, P.C.
700 29th Street South
Suite 201
Birmingham, Alabama 35233

M. Stan Herring
M. STAN HERRING, P.C.
700 29th Street South
Suite 201
Birmingham, Alabama 35233

_____
OF COUNSEL

## Case Action Summary - 01CV200890366000

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 11/08/2008 | 12:39:24 | EFILE | COMPLAINT E-FILED. | WAT056 |
| 11/08/2008 | 12:39:43 | EFILE | COMPLAINT - SUMMONS | |
| 11/08/2008 | 1:18:00 | FILE | FILED THIS DATE: 11/08/2008          (AV01) | AJA |
| 11/08/2008 | 1:18:01 | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 11/08/2008 | 1:18:02 | ASSJ | ASSIGNED TO JUDGE: MICHAEL G GRAFFEO     (AV01) | AJA |
| 11/08/2008 | 1:18:03 | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 11/08/2008 | 1:18:04 | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 11/08/2008 | 1:18:05 | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 11/08/2008 | 1:19:21 | PART | SHAW GLENDA ADDED AS C001          (AV02) | AJA |
| 11/08/2008 | 1:19:22 | ATTY | LISTED AS ATTORNEY FOR C001: WATTS JOHN GRIFFIN | AJA |
| 11/08/2008 | 1:19:23 | ATTY | LISTED AS ATTORNEY FOR C001: HERRING M STAN (AV02) | AJA |
| 11/08/2008 | 1:20:46 | PART | NEXCHECK, LLC ADDED AS D001          (AV02) | AJA |
| 11/08/2008 | 1:20:47 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 11/08/2008 | 1:20:48 | SUMM | CERTIFIED MAI ISSUED: 11/08/2008 TO D001     (AV02) | AJA |
| 11/19/2008 | 11:10:26 | SERC | SERVICE OF CERTIFIED MAI ON 11/12/2008 FOR D001 | DEW |

 *END OF THE REPORT*

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01-CV-200<br>Date of Filing:<br>11/08/2008 |  ELECTRONICALLY FILED<br>11/8/2008 12:39 PM<br>CV-2008-903660.00<br>CIRCUIT COURT OF<br>JEFFERSON COUNTY, ALABAMA<br>ANNE-MARIE ADAMS, CLERK |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
### GLENDA SHAW v. NEXCHECK, LLC

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☑ TOXX - Other:   FDCPA

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ Yes  ☐ No

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  WAT056   11/8/2008 12:37:00 PM   /s JOHN GRIFFIN WATTS

**MEDIATION REQUESTED:**  ☐ Yes  ☑ No  ☐ Undecided

ELECTRONICALLY FILED
11/8/2008 12:39 PM
CV-2008-903660.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| GLENDA SHAW, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| NEXCHECK, LLC, a Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendant states as follows:

### JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA[1]") and out of the invasions of Plaintiff's personal and financial privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

### PARTIES

2.     Plaintiff Glenda Shaw (hereinafter "Plaintiff") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3.     Defendant Nexcheck, LLC, ("Defendant" or "Nexcheck") is a domestic debt collection firm that engages in the business of debt collection.  It conducts business in Alabama.  Its principal place of business is the State of Alabama and it is incorporated in Alabama.

4.     The individual collectors' true names are unknown but they will be added by amendment when determined through discovery.

---

[1] Any reference to the FDCPA includes all applicable subsections whether explicitly stated or not.

## FACTUAL ALLEGATIONS

5.     Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

6.     Supposedly, Defendant purchased or was assigned or otherwise was collecting the debt and began harassing collection activities against Plaintiff.

7.     On or about October 3, 2008, Defendant through its employee collector who claimed her name was "Michelle" called Plaintiff's house and a Ms. Wilma Pritchett answered the phone as she was cleaning Plaintiff's house.  She told "Michelle" the Plaintiff was not at home.

8.     Defendant told Ms. Pritchett (who is not the consumer) the details of the debt.  Ms. Pritchett responded that she did not know Plaintiff was having financial difficulties and she hoped Plaintiff could afford to pay her.

9.     Defendant laughed and said not to accept a check from Plaintiff.

10.     Defendant then asked Ms. Pritchett to make sure the answering machine had not recorded any of the conversation and not to tell Plaintiff of the details of the conversation.

11.     Defendant asked Ms. Pritchett to give a message to Plaintiff to have Plaintiff call Defendant.

12.     This was not an attempt to obtain "location information" as Defendant had Plaintiff's location information.

13.     The Defendant disclosed details of the alleged obligation and asked Ms. Pritchett to give a message to the Plaintiff which is a blatant attempt to collect this debt.

14.     Ms. Pritchett called Plaintiff on her cell phone and told her about the call with Defendant.

15.   This is the most egregious type of violation of the FDCPA – contacting third parties to collect the debt with full knowledge of the damage this type of invasion of privacy will cause.

16.   This misconduct is specifically condemned in the FDCPA due to the severe harm it causes.

17.   This was very distressing and upsetting to the Plaintiff who at first could not continue driving due to being so upset and angry. Then Plaintiff went home to deal with this situation. This was very embarrassing to Plaintiff who told Ms. Pritchett not to work for her anymore due to the collection call.

18.   Plaintiff called and asked for the supervisor. After Plaintiff explained the situation to an unidentified man, he said the collector did nothing wrong and that if Plaintiff wanted the calls to stop she should pay the debt.

19.   The man also said that the collector "Michelle" thought the whole time she was speaking with Plaintiff.

20.   Plaintiff then called back to get the number for someone higher up and after being put on hold "Michelle" came on the line. "Michelle" said she knew she was talking to Plaintiff the whole time.

21.   This is false as "Michelle" knew she was <u>not</u> talking to Plaintiff when she was talking with Ms. Pritchett.

22.   "Michelle" refused to transfer Plaintiff to a supervisor and said there were no supervisors at Defendant.

23.   Plaintiff called back again asking for a supervisor and a man said he was the operations manager. He stated "Michelle" did nothing wrong and would not have discussed this with anyone other than Plaintiff.

24. This man then said if the call was recorded that Defendant would "sue Plaintiff for entrapment" and that Plaintiff should just pay the debt and he wanted to know when she would pay the debt. Plaintiff told him she was very upset.

25. This threat to sue for "entrapment" is a gross misstatement of the law by the Defendant and is a threat to do something that Defendant has no basis to do in a one party state. It was a blatant attempt to illegally intimidate Plaintiff into paying the alleged debt and ignoring the multiple violations of law by Defendant.

## SUMMARY

26. All of the above-described collection communications made to Plaintiff and to third parties by Defendant and collection agents of Defendant and the blatant lies and illegal threats made against Plaintiff, were made in violation of numerous and multiple provisions of the FDCPA.

27. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to the Plaintiff.

28. This series of abusive collection calls by Defendant and its agents caused Plaintiff enormous stress and anguish as a result of these abusive calls.

29. Defendant's contact with third parties was an invasion of Plaintiff's privacy and right to financial privacy.

30. Defendant's repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law and to stop calling third parties was an invasion of Plaintiff's privacy and her right to be left alone.

31.     Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused her unnecessary distress.

32.     Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## RESPONDEAT SUPERIOR LIABILITY

33.     The acts and omissions of Defendant's agents who communicated with Plaintiff as more further described herein, were committed within the line and scope of their agency relationship with their principal the Defendant.

34.     The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

35.     By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal the Defendant.

36.     Defendant is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

37.     Defendant negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

38.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.     The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff.

40.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

### COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY
### REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

41.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

42.     Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Complaint.

43.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

44.    Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

45.    Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

46.    Defendant also intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by making illegal contact about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

47.   Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

48.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

49.   The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

50.   As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

51.   All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT III.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

52.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

53.   Defendant negligently and/or wantonly hired, retained, or supervised incompetent debt collectors, and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

-8-

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

**COUNT II.**

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY**

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

**COUNT III.**

**NEGLIGENT AND WANTON HIRING AND SUPERVISION**

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA

violations and intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, PC
700 29th Street South, Suite 201
Birmingham, Alabama 35233
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
700 29th Street South, Suite 201
Birmingham, Alabama 35233
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendant via certified mail at the following addresses:**

Nexcheck, LLC
c/o John W. Gant, Jr.
1819 5th Avenue N., Suite 1100
Birmingham, Alabama 35203

ELECTRONICALLY FILED
11/8/2008 12:39 PM
CV-2008-903660.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| GLENDA SHAW, an individual,     ) | |
|                              ) | |
|       Plaintiff,            ) | |
|                              ) | |
| v.                             ) | Civil Action No.: |
|                              ) | |
| NEXCHECK, LLC, a Corporation,    ) | |
|                              ) | |
|       Defendant.         ) | |

### SUMMONS

      This service by Certified Mail of this Summons and Complaint is initiated upon written request of the Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

      **NOTICE TO:**          **Nexcheck, LLC**
                                  **c/o John W. Gant, Jr.**
                                  **1819 5th Avenue N., Suite 1100**
                                  **Birmingham, Alabama 35203**

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to the Plaintiff's attorney, **John G. Watts, Watts Law Group, P.C., 700 29th Street South, Suite 201, Birmingham, Alabama 35233. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court.

_____           _____

Date                                       Clerk

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2008-903660.00 |
|---|---|---|

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### GLENDA SHAW v. NEXCHECK, LLC

**NOTICE TO**   NEXCHECK, LLC, C/O JOHN W. GANT, JR. 1819 5TH AVE N, STE 1100, BIRMINGHAM AL, 35203

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 700 29th Street South, Suite 201, BIRMINGHAM AL, 35233

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   GLENDA SHAW
   pursuant to the Alabama Rules of the Civil Procedure

| 11/8/2008 12:39:24 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s JOHN GRIFFIN WATTS

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date              Server's Signature

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *Dena Burt*  ☐ Agent ☐ Addressee<br>B. Received by ( *Printed Name* ) *Dena Burt*   C. Date of Delivery *11/12/08* |
| 1. Article Addressed to:<br><br>Nexcheck, LLC<br>% John W Gant, Jr<br>1819 5ᵗʰ Ave N, Suite 1100<br>Birmingham, AL 35203 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>CV 08. 903660 Sec<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*  ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7008 1830 0000 7022 3850 |

PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540

UNITED STATES POSTAL SERVICE

BIRMINGHAM AL 350

12 NOV 2008 PM 6

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

ANNE-MARIE ADAMS
Clerk

NOV 13 2008

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA  35203



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY CERTIFIED MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
GLENDA SHAW v. NEXCHECK, LLC

**01-CV-2008-903660.00**

To:  CLERK BIRMINGHAM
     clerk.birmingham@alacourt.gov

**TOTAL POSTAGE PAID FOR CERTIFIED MAIL: $6.24**

Parties to be served by **Certified Mail - Return Receipt Requested**

NEXCHECK, LLC
C/O JOHN W. GANT, JR.
1819 5TH AVE N, STE 1100
BIRMINGHAM, AL 35203

Postage: $6.24

Parties to be served by **Certified Mail - Restricted Delivery - Return Receipt Requested**

| U.S. Postal Service ™ |
| --- |
| CERTIFIED MAIL™ RECEIPT |
| (Domestic Mail Only; No Insurance Coverage Provided) |
| For delivery information visit our website at www.usps.com® |

OFFICIAL USE

| | |
| --- | --- |
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

7008 1830 0000 7022 3650

PS Form 3800, August 2006                    See Reverse for Instructions

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **GLENDA SHAW** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case Number: CV 2008-903660** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **NEXCHECK, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE TO CIRCUIT CLERK AND PLAINTIFF OF FILING NOTICE OF REMOVAL

TO:   Ms. Anne Marie Adams
      Circuit Clerk of Jefferson County
      716 North 21st Street
      Birmingham, AL 35263

      John G. Watts
      WATTS LAW GROUP, P.C.
      700 29th Street South
      Suite 201
      Birmingham, Alabama 35233

      M. Stan Herring
      M. STAN HERRING, P.C.
      700 29th Street South
      Suite 201
      Birmingham, Alabama 35233

**YOU ARE HEREBY NOTIFIED** of the filing of a Notice of Removal to the United States District Court for the Northern District of Alabama, Southern Division, in the case of, *Glenda Shaw v. Nexcheck, LLC*, Civil Action No. CV-2008-903660, in the Circuit Court of Jefferson County, Alabama, in accordance

{W0218896.1 }

with the provisions of 28 U.S.C. §1446.    A copy of the Notice of Removal is attached hereto as Exhibit 1.

     Dated this 10th day of December, 2008.

 

 

_____
Neal D. Moore              (MOO 073)
*Attorney for Nexcheck, LLC*

OF COUNSEL:
**FERGUSON, FROST & DODSON, LLP**
Post Office Box 430189
Birmingham, Alabama  35243
(205) 879-8722 Phone
(205) 879-8831 Fax